Case 1:15-cv-07549-LGS   Document 71   Filed 12/19/17   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2017

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASAD PERVAIZ SHEIKH; ZENA DIXON; and PAUL HUXTABLE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALIGN COMMUNICATIONS, INC.<br><br>Defendant. | *Civil Action No.:* 15 Civ. 7549 |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT AND APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

This matter came before the Court on the application of Plaintiffs Asad Sheikh, Zena Dixon and Paul Huxtable (collectively, the "Plaintiffs") for final approval of the settlement between Plaintiffs and Align Communications Inc. ("Defendant"), as set forth in the Revised Joint Stipulation of Settlement and Release (the "Revised Stipulation," "Settlement," or "Revised Settlement Agreement") preliminarily approved by this Court on July 21, 2017. The Court having held a Final Fairness Hearing on December 13, 2017, and considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, on this 19th day of December, 2017,

**IT IS HEREBY ORDERED THAT:**

1. For purposes of this Order and Final Judgment, the Court adopts and incorporates the definitions as set forth in the Revised Stipulation executed by the Parties and filed with this Court.

1

2. This Court hereby approves the settlement set forth in the Revised Stipulation and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Class Members in accordance with Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216. This Settlement Agreement is the product of arm's-length settlement negotiations.

3. The Court finds that the Class Notices fairly and adequately advised Class Members of the nature of the action, a description of the Class, the Class Members' right to exclude themselves from the settlement, and the right of all Class Members to object to the settlement, to be represented by counsel, and to appear at the fairness hearing. Class Members were provided the best notice practicable under the circumstances. The Court further finds that the Class Notices and distribution of such Class Notices complied fully with Fed. R. Civ. P. 23, the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, the United States Constitution, and any other applicable laws, as appropriate.

4. No Class Members objected to the Settlement.

5. In addition, no NYLL or NJWHL Class Members requested exclusion from the Settlement by submitting an Opt-out Statement. As such, 100% of the NYLL Class members and 100% of the NJWHL Class members are participating in the portion of the settlement representing their state law claims, whether under the NYLL, NJWHL, or both.

6. Eighteen (18) members of the FLSA Collective submitted an Opt-in Form to participate in the portion of the settlement representing their FLSA claims, which represents a 47% participation rate in the FLSA Collective.

7. The Court awards Service Payments of $5,000, $2,500 and $2,500 to Asad Sheikh, Zena Dixon and Paul Huxtable, respectively, totaling $10,000, from the Gross Settlement Amount. These Service Payments are reasonable in light of the efforts they have

expended in furthering the Class Members' interests, and the risks they incurred by becoming and continuing as litigants.

8.     The Court approves up to $7,800 to be paid from the Gross Settlement Amount to the Settlement Claims Administrator for its administration fees.

9.     Defendants shall deposit the Settlement Amount into the QSF within twenty (20) calendar days of this Final Approval Order.

10.    Subject to and in accordance with the Revised Stipulation, within five (5) days of the Effective Date, the Settlement Claims Administrator shall mail all Settlement Checks to Participating Class Members to the address that their Notice was mailed.  The Settlement Check mailing shall include a Notice to Participating Class Members that their checks shall be void if not cashed within 45 days of this mailing.

11.    Deductions for the Participating Class Member's share of federal, state and local income tax withholding and the employee share of the FICA tax will be made according to the Revised Stipulation.

12.    ~~This action shall be and hereby is dismissed on the merits with prejudice.~~  As discussed above, no Class Members requested to be excluded from the Settlement.  Thus, all Rule 23 Class Members have released, and shall be and are permanently barred from prosecuting against the Releasees (as defined in the Revised Stipulation at Section 4.1) any and all Released State Law Claims.  In addition, all Participating Class Members who submitted a timely FLSA Opt-in Form in accordance with the procedures set forth in the Revised Stipulation, shall be bound by the Revised Stipulation and, by submission of the Opt-in Form, shall release both the Released State Law Claims and the Released Federal Law Claims, and shall be and are

permanently barred from prosecuting against the Releasees any and all Released State Law Claims and Released Federal Law Claims.

13. By operation of this Order, Plaintiffs Asad Sheikh, Zena Dixon and Paul Huxtable shall also be bound by the general release of claims, as described in paragraph 3.3(A) of the Revised Stipulation.

14. ~~Though the Court retains jurisdiction over this action for the purpose of enforcing the Revised Stipulation, the judgment is a Final Judgment in accordance with the Revised Stipulation.~~ The parties shall abide by all terms of the Revised Stipulation and this Order.

15. Class Counsel shall report to the Court within 60 days of the mailing of the checks, the total payments to Class Members, with a breakdown as to checks uncashed, checks returned and any other explanatory information. The Attorney's Fees Motion will not be decided until after such report is filed. After such motion is decided, the parties shall submit a form of judgment to be docketed.

Date: December 19, 2017

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4